# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                         **CRIMINAL NO. 18-20469**

vs.

                         **HON. NANCY G. EDMUNDS**

**D-1   BRIAN KISCHNICK,**

        **Defendant.**

_____/

## THE UNITED STATES' RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR JUDICIAL RECOMMENDATION FOR TRANSFER FROM RESIDENTIAL REENTRY CENTER TO HOME CONFINEMENT

The United States of America, through the undersigned Assistant United States Attorney, responds as follows to the emergency motion filed by defendant Brian Kischnick for the Court to issue a judicial recommendation that the Bureau of Prisons transfer him from his Residential Reentry Center to home confinement (Docket No. 32).

Approximately 41 days after being transferred by the Bureau of Prisons to a Residential Reentry Center ("RRC") for transitional drug abuse treatment, Kischnick has moved this Court to issue a judicial recommendation that BOP transfer him from the RRC to home confinement because the current restrictions imposed at the RRC as a result of COVID-19 have significantly impeded his drug and mental health treatment and his reentry plan. Since Kischnick recognizes and acknowledges that

1

any change in his placement is within the sole discretion and authority of the BOP and that any recommendation from this Court has no binding effect on the authority of the BOP, the government does not oppose Kischnick's motion.

I.     **Background**

On August 22, 2018, Brian Kischnick pleaded guilty to a single-count information that charged him with bribery concerning federal programs, in violation of 18 U. S.C. § 666.  On January 29, 2019, this Court sentenced Kischnick to 30 months' imprisonment and recommended that he participate in the Bureau of Prisons' comprehensive drug treatment program, known as the Residential Drug Abuse Program ("RDAP"). *See* Judgment at 2.

Kischnick began serving his sentence on March 7, 2019.  While in prison, Kischnick successfully completed the residential phase of the RDAP. Subsequently, BOP placed Kischnick in a RRC for completion of the community treatment services phase of BOP's drug program, formerly known as transitional drug abuse treatment ("TDAT), on April 28, 2020.[1] According to BOP, successful completion of RDAP, includes a minimum of 120 days in the RRC to provide continuity in care and in order to receive a reduction in sentence. Based on Kischnick's anticipated successful completion of all of the conditions of the RDAP,

---

[1] *See* https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp

including the transitional drug abuse treatment in the RRC, Kischnick's projected early release date is October 23, 2020.

In his motion, Kischnick claims that due to COVID-19 and the restrictions imposed at the RRC as a result, his reentry plan is not being implemented. According to Mr. Kischnick, he is not able to attend Alcoholics Anonymous; does not receive transitional drug abuse treatment; and, cannot resume mental health counseling with his previous therapists. He also indicates that while in prison he was diagnosed with hypothyroidism and high cholesterol for which he has been prescribed medication. Kischnick further claims that he is only receiving his medication for these conditions on an intermittent basis. In addition, Mr. Kischnick complains that he has developed lesions that warrant medical attention, and that he is not able to seek employment due to the current restrictions in place at the RRC.  For these reasons, Kischnick requests the Court to issue a judicial recommendation that BOP transfer him from the RRC to home confinement.

## II.     **Standard of Law**

Title 18, United States Code, Section 3621, provides that the BOP will determine, "the placement of the prisoner's imprisonment." Though the BOP is directed to consider "any statement by the court that imposed the sentence … recommending a type of penal or correctional facility as appropriate," any such "order [or] recommendation … shall have no binding effect on the authority of the

Bureau … to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b). *See also United States v. Brown*, 2020 WL 1479129, at *1 (D. Md. Mar. 26, 2020) ("It is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)."); *see also United States v. Patino*, No. 18- 20451, 2020 WL 1676766, at *6 (E.D. Mich. Apr. 6, 2020) ("[A]s a general rule, the Court lacks authority to direct the operations of the Bureau of Prisons.").

While this Court has the authority to make a non-binding recommendation to BOP, BOP has the authority to determine a prisoner's place of confinement. 18 U.S.C. §§ 3621, 3624. *See United States v. Parks,* 2019 WL 5085968, *2 (N.D. Ohio. October 10, 2019)("While the Court is without authority to order that the BOP place [the defendant] in any type of prerelease custody, the Court is permitted, where it deems appropriate, to make a non-binding recommendation to the BOP."); *United States v. Black*, 2020 WL2213892, *2 (S.D. Ohio, May 7, 2020)("The decision whether to permit a defendant to serve the end of a term of incarceration in an RRC or on home confinement under § 3624(c)(1) and (2) is within the discretion of the Bureau of Prisons," but "[t]his court does have the authority to recommend to BOP that the defendant be permitted to serve the end of his sentence in a RRC or on home confinement."); *United States v. Oliver*, 2020 WL2768852, *2 (E.D. Mich. May 28, 2020) (recognizing that exclusive authority to place a federal prisoner on home

confinement rests with the BOP, but at least some precedent suggests that the court can recommend to the BOP that the defendant be transferred to home confinement.). Home confinement transfer decisions, like all place-of-confinement decisions, are within the sole discretion of the BOP and guided by BOP policy.

### III. The Government Does Not Oppose Kischnick's Request for a Non-Binding Judicial Recommendation to BOP for Home Confinement

Since Kischnick acknowledges BOP's sole authority over his placement and is merely requesting that the Court issue a non-binding judicial recommendation that BOP transfer him from the RRC to home confinement, the government does not oppose Kischnick's motion. BOP will exercise its discretion to determine whether home confinement is appropriate for Kischnick at this time or in the near future.

### IV. Conclusion

The government does not oppose Kischnick's motion for the Court to issue a non-binding judicial recommendation that BOP place him in home confinement.

                                        Respectfully submitted,

                                        MATTHEW SCHNEIDER
                                        United States Attorney

                                        s/*Dawn N. Ison*
                                        Assistant U.S. Attorney
                                        211 West Fort Street, Ste. 2001
                                        Detroit, Michigan 48226-3211
                                        313-226-9567
                                        dawn.ison@usdoj.gov

Dated: June 12, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to:

                               Anjali Prasad
                        Attorney for Brian Kischnick

                                        *s/Dawn N. Ison*
                                        DAWN N. ISON
                                        Assistant United States Attorney

Dated: June 12, 2020