UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIAN KISCHNICK,

    Defendants.
_____/

Criminal No. 18-20469

Honorable Nancy G. Edmunds

## ORDER REGARDING DEFENDANT'S MOTION TO SEAL [31]

This matter is before the Court in connection with Defendant's motion for a judicial recommendation for transfer from his residential reentry center to home confinement (ECF No. 32) and the Court's initial order permitting Defendant to file the motion under seal. (ECF No. 31.)  At issue is whether Defendant's motion should remain under seal. Having reviewed the record on this matter in its entirety, the Court concludes that a hearing on this issue is not required.  For the reasons set forth below, the Court finds Defendant's motion to seal should be **DENIED** and his motion for a judicial recommendation should be **UNSEALED**.

## DISCUSSION

On June 1, 2020, Defendant filed his unopposed emergency motion asking the Court to issue a recommendation to the Bureau of Prisons that he be transferred from his residential reentry center to home confinement. (ECF No. 32.)  In his motion, Defendant states that due to COVID-19 and the restrictions imposed at his RRC as a result, his reentry plan is not being implemented.  He claims the COVID-19 related restrictions are

1

preventing him from participating certain mental health programs, among other things. He also claims to suffer from certain medical conditions which he contends make him more vulnerable to COVID-19.[1]  And although Defendant acknowledges that the Court lacks the authority to order the BOP to place him in home confinement, he nevertheless asks the Court issue an order recommending to the BOP that he be placed in home confinement in light of his current conditions.

Defendant requested permission to file his judicial recommendation motion under seal because it contained personal, private, and sensitive medical information.  Initially, the Court permitted the motion to be filed under seal. (ECF No. 31.)  However, on June 8, 2020, the Court received a letter from The Detroit News requesting that the motion and all related proceedings be unsealed.  In its letter, the Detroit News argues that Defendant failed to provide a compelling basis for sealing his motion, particularly in light of the public interest in his case.

The Court forwarded the Detroit News's letter to the parties and asked for both sides to respond.  On June 9, 2020, Defendant submitted his response arguing his motion should remain under seal because it contains information regarding his mental health counseling and treatment as well as "detailed information regarding medical diagnoses that [Defendant] received during BOP custody."  On June 10, 2020, the Government submitted its response agreeing with The Detroit News and opposing the sealing of Defendant's motion.[2]

---

[1] Although his motion mentions BOP health records, no actual medical records were submitted with the motion.

[2] On June 12, 2020, the Government filed its response to Defendant's motion for judicial recommendation. (ECF No. 34.)  The response was not filed under seal.

Having reviewed the entire record in this matter, the Court agrees with the Government and The Detroit News. Defendant fails to satisfy his heavy burden to demonstrate that his motion should be sealed. And, the public's right to access the record in this case outweighs Defendant's privacy interests under the facts and circumstances presented here.

The sealing of judicial documents and records is left to the sound discretion of the Court. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). In exercising that discretion, the Court is bound by the "long established legal tradition of the presumptive right of the public to inspect and copy judicial documents and files." *Id.* The burden of overcoming that presumption is borne by the party that seeks to seal them. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). And that burden is a heavy one: "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "Moreover, the greater the public interest in the matter, the greater the showing necessary to overcome the presumption of access." *Id.* And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *Id.*

Here, Defendant's stated reasons for sealing his motion are not compelling to overcome the presumption of public access. Defendant does not include copies of his medical records with his motion. And as the government points out, the majority of the medical or personal information disclosed in the body of Defendant's motion was already revealed in open court during his sentencing. Furthermore, the additional information

about his medical diagnoses while in BOP custody, his standard drug regimen, and even the vague references to "lesions," do not rise to a level warranting nondisclosure. If it did, then the Court would also be required to seal almost every motion filed by criminal defendants seeking relief related to their sentences in connection with the COVID-19 pandemic as well as the orders and opinions resolving such motions.

In addition, the motion to seal should be denied because the information Defendant seeks to seal forms the primary basis for the relief he seeks. *See United States v. Dunlap*, No. 1:02CR165-1, 2020 WL 2062311, at *4 (M.D.N.C. Apr. 29, 2020) (denying motion to seal certain medical records in connection with motion for compassionate release where Defendant's motion put his medical condition at issue in the case). Defendant has put his medical conditions and mental health treatment directly at issue in his motion. Sealing his motion would deprive the public of its interest in ascertaining the information, evidence, and documents on which the Court relied to reach its ultimate decision. And this is even more important considering the public's immense interest in Defendant's case. As the Government observes, Defendant is the former city manager of one of the largest cities in Oakland County, Michigan, and the 11th largest city in the state. His public corruption case generated significant publicity and interest during the prosecution, and, as reflected by The Detroit News's letter, the public continues to be interested his matter and the resolution of the sentence he received.

In sum, Defendant fails to establish compelling reasons to overcome his heavy burden to demonstrate that his motion should remain under seal, particularly in light of the nature of his motion and the public interest in his case.

## **CONCLUSION**

For these reasons, Defendant's motion to seal is **DENIED** and Defendant's motion shall be **UNSEALED**. The Court's prior order permitting Defendant to file his motion under seal (ECF No. 31) is hereby **WITHDRAWN**. This order is stayed for three (3) days to permit Defendant, if he so chooses, to withdraw his previously sealed motion.


**SO ORDERED.**

                                                                         s/Nancy G. Edmunds
                                                                         Nancy G. Edmunds
                                                                         United States District Judge

Dated: June 15, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2020, by electronic and/or ordinary mail.

                                                                         s/Lisa Bartlett
                                                                         Case Manager